CHARLES PIERCE vs. SALLY JOHNSON, executrix of JAMES JOHNSON.

An action upon a covenant of seizin is barred by the statute in eight years from the execution of the deed, which contains such covenant.

Such covenant of seizin is, in a sense, a covenant to secure the title of land ; yet the section of the statute which bars only in ten years after a decision against the title of the grantor,must be considered as referring to covenants of warranty, upon which no action will lie, till after eviction.

This was an action of *assumpsit* upon a promissory note. The defendant pleaded *non assumpsit.* He, also, pleaded a plea in offset of covenant broken, upon a covenant of seizin contained in a deed of conveyance of land. The covenant, as declared upon, was, *that the plaintiff, at the ensealing of said deed, was well seized of said land in fee simple, and that he had good right and lawful authority to sell the same in manner and form as above written.* To this plea in offset the plaintiff replied the statute of limitations of eight years ; and also another replication, that the cause of action did not accrue within ten years, relying upon another section of the statute. The defendant rejoined to these re-

ORANGE,
March,
1832.

Pierce
vs.
Johnson, ex.

plications, that there had been no recovery against the title of the grantor. To this rejoinder the plaintiff demurred, and the defendant joined in demurrer. The county court decided that the plaintiff's replications were sufficient, and the defendant's rejoinder insufficient. The defendants excepted to this decision, and the cause was brought up to the Supreme Court, upon this exception.

*Smith and Peck, for the defendant.*—The only question, raised by the pleadings, is, whether the covenant of seizin is a covenant to secure the *title*. The words of the covenant are, " that I am well seized of the premises in fee simple," &c. The words, *fee simple*, import an absolute inheritance, clear of any consideration, limitation, or restriction ; *(2 Black. Com.* 106 ; *Litt. sec.* 1 *and* 2 ; *Co. Litt.* 1 *b* :) and, in the sense now used in this country, they import an estate of inheritance in law, belonging to the *owner*, and transmissible to his heirs.—4 *Kent's Com.* 3, 4. The inquiry, then, on the trial of an issue formed on an alleged breach of this covenant, must necessarily be, was the grantor owner of, and seized of, an estate of inheritance in the land conveyed ? Or in other words, had he a title to it ? In *Halsey* vs. *Hales, (*7 *T. R.* 194,) and in *Amherst* vs. *Skynner,* (12 *East,* 263,) the Court view the individual, who is seized *in fee,* as having the title ; and it is supposed, that, if he is not owner of the land, he cannot be seized *in fee :* so that it would seem, had the words, " of an indefeasible estate, " been added to the covenant in the case at bar, it would not have altered its effect. In *Howell* vs. *Richards,* (11 *East,* 632,) *Lord Ellenborough* treats the covenant of seizin as a covenant *for title.* He there said, " the covenant for title is an assurance to the purchaser, that the grantor has the very estate in quantity and quality, which he purports to convey, *viz,* in this case an indefeasible estate in *fee simple.*" So in the case of *Gray* vs. *Briscoe, (Noy,* 742,) the defendant covenanted, that he was seized of *Blackacre,* in fee ; whereas in truth it was copyhold land, in fee, according to the custom : and the court held the plaintiff entitled to damages, as he had not a title in *fee simple,* as he had covenanted he had ; which fortifies the opinion of *Lord Ellenborough,* in *Howell* vs. *Richards.* In *Abbott* vs. *Allen et al. (*14 *Johns. Rep.* 248,) which was an action for the breach of a covenant of seizin, the court say, " the grantors have asserted in their deed, that the *title* was in them. If that be true, they can show it ; if it be untrue, then the covenant is broken ; and it is

Orange,
March,
1832.

Pierce
vs.
Johnson, ex.

perfectly immaterial whether the real title be in one stranger or another." In *Morris* vs. *Phelps*, (5 *Johns. Rep.* 49,) which was also an action for a breach of the covenant of seizin, the covenant being precisely similar to the one now before the Court, the whole drift of the evidence was, to show the *legal title* out of the grantor. In *Williams* vs. *Wetherbee*, (1 *Aik. Rep.* 233,) the defendant interposed a plea similar to the one now under consideration. But *Paddock*, of counsel for the defendant, on argument abandoned it, as he was of opinion that it could not be sustained ; and of this opinion was the Court. This is a direct authority for the defendant. In *Bickford* vs. *Page*, (2 *Mass. Rep.* 462, n.) and *Hastings* vs. *Webber*, (2 *Vt. Rep.* 407,) it was said by the Court, that an action of covenant broken in a deed conveying land, in which a breach is assigned, that the defendant was not seized, or had no right to convey the land, brings the *title directly* in question. It is difficult to see how the title, in such case, is brought *directly* in question, unless the covenant of seizin is a covenant for title. In 3 *Saund. (Index, title Covenant, and p.* 181, *a. b.)* a covenant of seizin is classed under the head of covenants for title. So, in an action on a covenant of seizin, it is sufficient for the plaintiff to say that the defendant was not seized in fee, by which he puts the defendant upon showing what title he had in the premises ; which then puts the plaintiff on showing a special *title* in some body else.—9 *Co.* 60 ; *Cro. Jac.* 360 ; *Swift's Dig.* 664. This clearly proves, that the title is the very thing in dispute. The position taken by the defendant is strengthened by the fact, that the rule of damages in an action for the breach of the covenant of seizin and warranty, is the same.—4 *Kent's Com.* 462, 4 ; 5 *Johns. Rep.* 49.

It is objected that the covenant of seizin is a personal covenant, and does not pass with the land. But in England this covenant is regarded as a real covenant; and is said to run with the land.—*Shep. Touch. c.* 7, 161 ; 1 *M. and S.* 355 ; 4 *do.* 53, 188 ; 5 *Taunt.* 418 ; 2 *Blac. Com.* 224, n. However this may be, it by no means follows, that, because it is not a real covenant, it cannot, therefore, be a covenant to secure the title ; for if all real covenants were of this character, then would a covenant to pay rent, or to produce title deeds, or for renewal, be covenants for titles, for they are real covenants and run with the land.—4 *Kent's Com.* 460. But a covenant of warranty is also a personal covenant, and, when broken, becomes a mere *chose in action*, and is not assignable.—*Ibid.*

32

Orange,
March,
1832.

Pierce
vs.
Johnson, ex.

*Buck and Upham, for plaintiff.*—The pleadings present the following question for the decision of the Court, to wit : Is the covenant of seizin in a deed of conveyance a covenant to secure the title of lands? Should the court answer this question in the affirmative, then the statute of limitations will not avail us as an answer to the defendant's plea in offset. The statute declares and enacts, that " all actions of covenant, *other than covenants contained in deeds of conveyances of lands, for the securing the title of said lands*," shall be commenced " within eight years after the cause of such actions shall have accrued, and not after. And all actions of covenant, brought on any covenants, contained in any deed of conveyance of lands, as aforesaid, within ten years next after there shall have been a final decision against the title of the covenantor, in such deed."—*Statute*, 290, *s*. 8. Now, we insist, that the covenant of seizin in a deed, is not a covenant to secure the title of lands. The grantor usually covenants in his deed, 1. That he is the sole owner of the premises : 2. That he has good right and title to convey the same : 3. That they are free from every incumbrance ; and 4. That he will *warrant* and *defend* the same against all lawful claims whatever. This last covenant, which is to secure the title of the lands conveyed, cannot be broken, but by an eviction or ouster, by some title paramount to the grantor. Or, in other words, the grantee can maintain no action upon this covenant, until he be dispossessed of the lands conveyed by judgement of law. After ouster the cause of action accrues, and the statute begins to run.—*Twambly* vs. *Henley*, 4 *Mass*. 441 ; *Marston* vs. *Hobbs*, 2 *Ib*. 433 ; *Bearce* vs. *Jackson*, 4 *Ib*. 408, 627 ; *Chapel* vs. *Bull*, 17 *Ib*. 213 ; *Williams* vs. *Wetherbee*, 1 *Aikens' Rep*. 241.

The covenant, that the lands are free from every incumbrance is broken immediately by any subsisting incumbrance ; and the grantee is not obliged to wait until he is actually evicted ; but may immediately call on his grantor for indemnity. So, the covenants, that the covenantor is seized in fee of the premises, and has good right to convey the same, when in fact he has no right, are broken immediately on the execution of the deed containing them. And the statute immediately commences running. *Prescott* vs. *Trueman*, 4 *Mass*. *R*. 627, 108, 441 ; *Bickford* vs. *Page*, 2 *Ib*. 455, 433 ; 4 *John*. *Rep*. 72 ; 5 *Conn*. *Rep*. 497. A warranty in a deed of conveyance is defined to be a covenant real, annexed to lands or tenements, whereby a man and his heirs are bound to warrant the same. Or it is where a man is bound to

ORANGE,
March,
1832.

Pierce
vs.
Johnson, ex.

warrant the land or hereditaments, that another hath.—1 *Shepard's Touch.* 181 ; 1 *Swift's Dig.* 366. *Blackstone* says, by the warranty the grantor doth, for himself and his heirs, warrant and secure to the grantee the estate granted.—2 *Com.* 300. In *Williams* vs. *Wetherbee*, 1 *Aik. R.* 233, it was said by the court, that the covenant of warranty is something more than a covenant for quiet enjoyment. It is a covenant to defend, not the possession merely, but the land and the estate in it. It is most manifest, that the covenant of warranty is introduced into a deed of convey-ance for the express purpose of securing to the grantee the estate conveyed. It is a real covenant, and runs with the land ; the war-ranty passes to every assignee ; and the last assignee, when evicted, has a right to call on all the prior warrantors, in the deed, till he has obtained satisfaction.

The statute allows the grantee ten years next after a final decis-ion against his title, to commence an action upon this covenant. The limitation of ten years applies only to such covenants as are not broken, until after a final determination against the covenan-tor's title. Actions upon the other covenants in a deed are limi-ted to eight years. The covenant of seizin, if broken at all, is broken immediately upon the execution of the deed ; and no ac-tion can be maintained upon it after the lapse of eight years. When broken, this covenant is a mere *chose in action*, and not as-signable.—1 *Aikens' Rep.* 233 ; *Hamilton* vs. *Wilson*, 4 *Johns. Rep.* 72 ; *Garfield* vs. *Williams*, 2 *Vt. Rep.* 327. Although an action upon the covenant of seizin, in a deed of conveyance, may bring the title of lands in question, still, it is not the covenant given by the grantor to secure and make good to the grantee the title of the estate conveyed. The covenant of warranty binds the covenantor, not only to defend the possession, but to secure to the grantee the estate conveyed.

By the common law, the warrantee and his heirs may also, at any time, before they are impleaded for the lands, bring a *warran-tia chartæ* upon the warranty in the deed against the warrantor or his heirs, and thereby all the lands the warrantor has by de-scent from the ancestor, who made the warranty, at the time of the writ brought, shall be bound, and charged with the warranty, into whosesoever hands it goes afterwards. So if the lands warranted be afterwards recovered of the warrantee, he shall have as much land over again of the other land of the heir of the covenantor, or of the warrantor himself, if he be living.—*Co. Lit.* 101, 393 ; 1 *Swift's Dig.* 367. This ancient remedy given by the common

ORANGE,
*March*,
1832.

Pierce
*vs.*
Johnson, ex.

law, shows that the warranty was the covenant upon which the warrantee relied to secure his title to the estate conveyed. This remedy by *warrantia charta* could only be pursued upon the covenant of warranty. None of the other covenants in a deed would warrant this proceeding.

*The defendant's counsel*, in reply, urged the supposition, that a deed contains no covenant of warranty but does contain a covenant of seizin ; and the grantee is evicted after ten years possession, whether he has any and what remedy, unless this covenant of seizin be considered a covenant to secure title.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— We are called upon, by these pleadings, to decide what is intended by some expressions in the section of the statute of limitations, which has been read by the plaintiff's counsel. The Court have had some difficulty upon this section before ; and it is not very easy to give it any practical construction, that is perfectly free from all doubt, as to what was intended by the legislature.

The question is, whether the action upon this covenant is barred in eight years from the breach of the covenant ; that is from the date of the deed, according to the first clause of the section : or, whether it is a case only barred in ten years after a decision against the title of the grantor, according to the after provisions of the same section. If it comes within the latter clause, the rejoinder is a good answer to the replication, which presents the statute as a bar : for the statute would not commence running in such a case, till there had been a decision against the title of the grantor. Otherwise, if it comes within the first clause of the section ; because that clause has no reference to a decision against title, but only to the time when the cause of action shall have accrued : and that, upon the usual covenant of seizin, is at the date or execution of the deed, if ever. The covenant is, that, at the ensealing of the deed, he is well seized, &c., not that he will be so at any future time.

Upon reading this statute, it is manifest, that the question, already stated, must be decided by deciding one in different shape, to wit, whether the covenant declared upon in this plea in offset, is a covenant for securing the title of land, conveyed by said deed, within the meaning of this section of the statute ? It is a covenant in a deed of conveyance of land ; and it is a covenant of, or about title. Still the question remains, is it what the legislature term, a

ORANGE,
March,
1832.

Pierce
vs.
Johnson, ex.

covenant for the security of title. Now all the common covenants in deeds of conveyance of lands, are, in some sense, for the security of title. None of them furnish any perfect security, that the grantee and his heirs and assigns shall in fact hold the land ; but all are intended as security, that the grantee shall recover adequate damages if he fails to hold the land. Even the covenant against incumbrances is of this character. A covenant, that the grantor is seized of the premises, and nothing more, has no reference to title, but only to the having possession under some claim of title. This naked covenant of seizin was probably introduced for the purpose of securing an easy entrance upon the land by the grantee, or to guard against the effect of 'an adverse .possession, which would render the deed void, as an instrument of conveyance, and throw the grantee upon his covenants as a remedy. For either or both of these purposes, the naked covenant of seizin would be adequate and useful. The doctrine, established in some of the neighboring states, that the covenant of seizin is satisfied by a possession without title, cannot well be reconciled to sound reason, except when applied to the naked covenant of seizin, without any words that imply any other right but mere possession. It has always been customary, in this state, to add to that covenant words extending beyond a mere possession, without, or with claim of title. In the case of Moses Catlin vs. Dan Hurlburt, reported in the third volume of Vermont Reports, page 403, the covenant was in the same words as in the present case, " and had good right to sell," &c. That was adjudged to be a covenant of good title, and the plaintiff recovered the consideration money and interest. The defendant, in this case, covenants that he is well seized in fee simple, and that he has good right and lawful authority to sell as therein written. That is, that he was so seized as to convey a good title in fee. This covenant being of, or about, title, we must search farther for the distinction intended by the expressions used in the statute.

The whole statute in question seems to have been intended to limit all kinds of actions, or nearly so. Almost all are expressly enumerated. The description in the section, creating a bar to actions of covenant, is so extensive as necessarily to include all possible covenants. And the general enacting clause, if we leave out the exception therein contained, creates a bar in eight years from the time of the accruing of the cause of action ; and this would extend to all actions of covenant whatever. Those actions, which come within this exception, are barred in ten years from

ORANGE,
March,
1832.

Pierce
vs.
Johnson, ex.

the time of a decision against the title of the grantor ; this, proba-bly, being considered to be the time, when the cause of action would accrue. If the excepting clause had stopped at the word *land*, and, of course, had excepted all actions upon covenants in deeds of conveyances of land, the subject would have been plain, and the distinction plain ; and the only question that could arise, would be, whether the covenant, upon which the suit is brought, is, or is not, in a deed of conveyance of land ? But the exception from the eight years, and transfer to the ten years limitation, rests on a further distinction, to wit, whether it is, or is not, also, a cove-nant for securing the title of the lands conveyed. The framers of this statute seem to have had in contemplation covenants of both kinds in deeds conveying lands ; else, why did they use the double expression, " in deeds of conveyances," and " for securing title ?" This presents the enquiry, how this exception applies to covenants of warranty, any more than to other covenants in deeds of con-veyance ? The terms of this covenant are more like the actual securing title, than those in the other usual covenants. The dif-ference, to be sure, is more in the operation of things, than in the final result. This is the only covenant, the specific performance of which would be literally securing title. Upon either of the others there could be no decree of any act as a specific perform-ance ; all must be the paying of damages for the breach of cove-nant ; damages because he was not well seized ; or because he had no right to convey ; or because there were incumbrances on the land. The performance of this covenant would be the keeping off all other titles, and keeping the grantee in the quiet en-joyment of the premises. This would be literally securing the title to the grantee. Moreover the legislature may well be sup-posed to use terms according to their known signification in the common law. The authorities cited by the plaintiff's counsel, show, that this covenant is the only one on which a *warrantia chartæ* could be founded at common law. That gives it a claim to be denominated a covenant for securing title, above the other usual covenants.

Again, the usual course is, and ought always to be, so to frame statutes of limitations, that they run against a claim, only from the time, when the cause of action is matured, and the party might sue, if he pleased. This should be so ; first, because no person should be barred of his rights, without having first a reasonable time in which he might secure them; 2d, because no presumption of payment, or settlement, can begin to arise from any neglect to prosecute, until the party has a right of action.

ORANGE,
March,
1832.

Pierce
vs.
Johnson, ex,

The statute provision, of ten years from a final decision against the title of the grantor, may be considered of the same import as ten years from the time when the cause of action accrued. And yet the legislature may have intended to enact, that an eviction by elder and better title, submitted to without suit, shall not be evidence to entitle the grantee to recover upon his covenant of warranty ; but that the eviction shall be shown by a judicial decision against the title. Such have been the decisions, without refer-ence to this statute. However this may have been, it is evident, that the legislature considered that this section provided a bar to all actions of covenant ; and that all were barred in eight years, except those specific as a different class, to be barred in ten years. Now, it would not be a fair construction of this statute, should we decide, that an action upon the covenant of seizin, which is broken, and may be sued immediately upon the giving of the deed, if ever, may lie dormant, not only eight, but ten, twenty, or even a hundred years, and then an action be maintained upon it.

It is further observable, that the action upon a covenant of seizin must be brought in the name of the grantee, and cannot be main-tained in the name of the assignee. This covenant, being broken at the execution of the deed, becomes a mere chose in action, and cannot be assigned, by any law in force here, so as to enable the assignee to recover upon it in his own name. Such original grantee may commence his suit as soon as he pleases ; and there is no greater hardship in his being barred, if he neglects his rights, than for him to be barred of his remedy upon any other contract. And it makes no difference in the hardship, whether there are other covenants in the deed or not.

If the legislature attached any definite meaning to the expres-sions they used, they must have intended this distinction ; that those covenants of warranty, which are considered as broken, only by a judicial decision against the title of the grantor, are covenants to secure title, and may be sued at any time within ten years from a final decision against such title ; and that those covenants, which are considered broken without any such judicial decision, of which the covenant of seizin is clearly one, must be sued within eight years from the time of the breach ; that, though such covenants are in a deed of conveyance of land, they are not covenants to secure the title, but only covenants to secure the recovery of damages on account of the failure of title. The statute might have been so framed as to provide, that covenants

<div style="margin-left:margin">ORANGE,
*March,*
1832.

Pierce
*vs.*
Johnson, ex.</div>

not in deeds of conveyance of lands, and covenants in such deeds, that may be considered broken, without any decision upon the title, shall be sued within eight years from the time of the breach, and not after; and that those covenants, which are not considered broken, till there is a final decision against the title of the grantor, must be sued within ten years from such decision. Had the statute been thus framed, the construction would have been plain and easy. Such is not its language; yet, the things described seem, in other language, to mark out the same practical distinction. The subject matter of this plea in offset, being a covenant of seizin, and the same appearing to have lain dormant more than eight years, the replication of the statute of limitations of eight years is a good and sufficient bar to this plea in offset; and the rejoinder, that there had been no decision against the title of the grantor, is no sufficient answer to this replication; because the breach of this covenant of seizin was complete, without such a decision. This rejoinder would be a good answer to the replication of ten years, if the matter of the plea in offset rendered that replication necessary. But this last replication is, itself, of no importance to the action.

> The judgement of the county court, which was in favor of the plaintiff, is affirmed.